

**Todd H. Girshon**
Tel 631.994.2412
Mobile 917.533.7673
Todd.Girshon@gtlaw.com

November 7, 2025

> Request GRANTED in part. The parties' deposition deadline is extended to **December 18, 2025**, for the limited purpose of conducting the deposition of Plaintiff Rahsheeda Covington on that date. Plaintiff must seek leave of Court if she needs to reschedule her deposition. The parties are to confer to determine the format and location of the deposition. All other deadlines remain the same. *See* Dkt. 32.
>
> Dated: November 10, 2025
>         New York, New York
>
> **SO ORDERED.**
>
> *Jennifer Rochon*
> **JENNIFER L. ROCHON**
> **United States District Judge**

<u>VIA ECF</u>
Hon. Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:   **Covington v. The Estée Lauder Companies Inc. et al.**
      **Case No. 24-cv-08309 (JLR)**

Dear Judge Rochon:

      We are counsel for Defendants in connection with the above-referenced matter. We write jointly on behalf of the parties, pursuant to Section I, Paragraph F of Your Honor's Individual Rules of Practice in Civil Cases, to respectfully request an extension of time solely for the purpose of conducting the deposition of Plaintiff Rahsheeda Covington on December 18, 2025, which is after the deposition deadline of November 13, 2025 and the fact discovery deadline of November 20, 2025. Defendants further request that Your Honor Order Plaintiff to attend the December 18, 2025 in-person deposition at defense counsel's New York City office and require her to seek leave of Court if she needs to reschedule for any reason.

      This extension is necessary because this is the soonest available date that Plaintiff and counsel for the parties are available for the deposition. As a matter of background, on May 13, 2025, Defendants served a Notice of Deposition and initially noticed Plaintiff's deposition for June 24, 2025. The deposition did not go forward at that time because the parties needed to resolve deficiencies in Plaintiff's written discovery responses and await documents from third parties pursuant to authorization.

      On October 3, 2025, Defendants served an Amended Notice of Deposition and re-noticed Plaintiff's deposition for November 5, 2025. After almost three weeks' delay, on October 21, 2025, Plaintiff's counsel informed Defendants' counsel that Plaintiff was unavailable for deposition on November 5, 2025, but did not provide alternative dates. After our multiple follow up communications with Plaintiff's counsel, on November 5, 2025 the parties conferred and agreed that December 18, 2025 was the next available date that worked for Plaintiff and counsel for the parties.

Hon. Jennifer L. Rochon
November 7, 2025
Page 2

The Court should note that Plaintiff's counsel requested that Defendants consent to an approximately 75-day extension of the fact discovery deadline in this case, not just to conduct and complete Plaintiff's deposition, but for all purposes. Defendants do not consent to any such open-ended request. After the Initial Pretrial Conference with Your Honor on April 24, 2025, Plaintiff has done very little to prosecute her case and Defendants object to any attempt by Plaintiff at the 11th hour to obtain additional time for the purpose of initiating new discovery or raising matters for the first time at this late date in the case.

This is the second request for an extension of time related to fact discovery. On August 12, 2025, the parties filed a joint letter motion for an extension of time to complete discovery that was granted by Your Honor on August 14, 2025. *See* ECF Nos. 31, 32. The instant request to permit Plaintiff' deposition to be conducted and completed outside the current deposition and fact discovery deadline would not affect any other dates contained in the Amended Civil Case Management Plan and Scheduling Order, including the scheduled post-discovery pre-trial conference on February 12, 2026. *See* ECF No. 32.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**Greenberg Traurig, LLP**

Todd H. Girshon
Kevin W. Murray

cc: All Counsel of Record (via ECF)